**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Allen Rude, ) | No. CV-11-1966-FJM-PHX |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Intel Corp. Long Term Disability Plan;) | |
| Intel Corp.; Aetna Life Insurance Co., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The court has before it plaintiff's motion to compel discovery (doc. 31), defendants' response (doc. 33), and plaintiff's reply (doc. 34).

Defendant Intel Corporation sponsors a self-insured employee disability benefits plan (the "Plan") and has delegated claims administration to defendant Aetna Life Insurance Company. Plaintiff filed this action after Aetna denied his application for long-term disability ("LTD") benefits.

The parties agree that the relevant standard of review in this case is abuse of discretion. Although courts are generally limited to the administrative record when reviewing a case on its merits for abuse of discretion, Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 970 (9th Cir. 2006), courts have discretion to consider extrinsic evidence when a conflict of interest exists. A structural conflict of interest exists where the plan

1    administrator both administers and funds the plan. Metropolitan Life Ins. Co. v. Glenn, 554
2    U.S. 105, 112, 128 S. Ct. 2343, 2348 (2008); Abatie, 458 F.3 at 967. If the administrator is
3    operating under a conflict of interest, "that conflict must be weighed as a factor in
4    determining whether there is an abuse of discretion." Firestone Tire & Rubber Co. v. Bruch,
5    489 U.S. 101, 115, 109 S. Ct. 948, 957 (1989) (quotation omitted). Therefore, limited
6    discovery is permitted to determine "the nature, extent, and effect on the decision-making
7    process of any conflict of interest." Abatie, 458 F.3d at 970. In weighing a conflict of
8    interest, courts will consider factors such as "evidence of malice, of self-dealing, or of a
9    parsimonious claims-granting history." Id. at 968.

10   Plaintiff seeks the following discovery ostensibly related to a conflict of interest: (1)
11   the number of disability claims assessed by the 4 medical examiners who reviewed plaintiff's
12   claim, as well as the percentage of approved versus denied claims for each medical reviewer
13   (Interrogatory 4); (2) the amount paid to each medical reviewer during 2011 (Interrogatory
14   5); and (3) the percentage of initial LTD claims approved by the Plan over a period of 3
15   years, (Interrogatory 7), as well as a production of any related reports (Request for
16   Production 8).

17   Defendants contend that no structural conflict of interest exists because Intel has
18   retained Aetna, a third-party claims administrator, to make claims decisions. Therefore,
19   defendants argue that our review is limited to the administrative record and the requested
20   discovery should be denied. Id. at 970.

21   A structural conflict of interest is not necessarily negated by contractually delegating
22   authority to a third-party administrator where, for example, the employer exerts influence
23   over the administrator's decision making. Plaintiff argues that although Intel has delegated
24   claims administration to Aetna, a conflict nevertheless exists because he speculates that
25   Aetna has adopted a parsimonious approach to managing claims. See Complaint ¶ 5.

26   While the independence of Aetna's medical examiners may be relevant, the
27   examiners' compensation alone will not demonstrate bias. Plaintiff makes no attempt to
28   explain how this evidence will bear fruit and there is no obvious correlation between a

1  medical examiner's compensation and his propensity for bias. We conclude that
2  Interrogatory No. 5 is not reasonably calculated to lead to the discovery of admissible
3  evidence relevant to the issue of conflict of interest.

4  While we are also doubtful whether the information sought in Interrogatories 4 and
5  7, and Request for Production 8–the approval rates for LTD claims by the Plan generally, and
6  by each of the reviewing medical examiners–will produce evidence of conflict, we
7  nevertheless grant the motion to compel, as modified by plaintiff's motion. Given plaintiff's
8  claim that Aetna has adopted a parsimonious approach to managing claims, it is conceivable
9  that a disproportionate percentage of denied claims may indicate bias.

10 **IT IS ORDERED GRANTING IN PART AND DENYING IN PART** plaintiff's
11 motion to compel (doc. 31). The motion to compel a response to Interrogatory 5 is DENIED.
12 The motion to compel responses to Interrogatories 4 and 7, and Request for Production 8, as
13 modified by plaintiff's motion, is GRANTED. Defendants' responses are due on or before
14 September 28, 2012.

15 DATED this 18th day of September, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 3 -